ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Steven Gier,<br><br>                    Plaintiff,<br><br>      v.<br><br>Modern Exterminating Company, Inc.,<br><br>                    Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>C. A. No.: 2020-CP-40-<br><br><br>**SUMMONS** |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their office, located at **440 Center Street, West Columbia, South Carolina, 29169**, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      **DICKEY LAW GROUP, LLC**

                                      By:    <u>s/Joseph D. Dickey, Jr.</u>
                                      Joseph D. Dickey, Jr. (Bar No. 100064)
                                      440 Center Street
                                      West Columbia, SC 29201
                                      Email:  joseph@dickeylawsc.com
                                      Phone: (803) 380-5575
                                      Fax: (803) 380-5576

                                      *Attorney for Plaintiff*

West Columbia, South Carolina
July 7, 2020

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Steven Gier,<br><br>                Plaintiff,<br><br>      v.<br><br>Modern Exterminating Company, Inc.,<br><br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>C. A. No.: 2020-CP-40<br><br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

       Plaintiff Steven Gier (hereinafter "Gier" or "Plaintiff") alleges the following in his Complaint against the Defendant, Modern Exterminating Company, Inc. (hereinafter "Modern" or "Defendant").

## PARTIES AND JURISDICTION

1. Plaintiff is a thirty-four (34) year old citizen and resident of the State of South Carolina, County of Richland, and has remained so at all times relevant to the allegations of this Complaint.

2. At all times relevant, the work performed by Plaintiff was directly essential to the business performed by Defendant Modern.

3. Upon information and belief, Defendant Modern Exterminating Company, Inc. (hereinafter "Modern"), is a South Carolina corporation organized and existing pursuant to the laws of the State of South Carolina and authorized to transact business in the State of South Carolina.

4. At all times relevant, Defendant Modern was an "employer" within the meaning of the FLSA, 29 USC § 203(d).

2

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

5. Defendant Modern continues to be an employer within the meaning of the FLSA.

6. At all times relevant, Defendant Modern was and continues to be an enterprise covered by the FLSA as denied under 29 USC §§ 203(r) and 203(s).

7. At all times relevant, Defendant Modern engaged in interstate commerce within the meaning of the FLSA 29 USC § 203(s).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter and *in personam* jurisdiction over all Defendants based on 28 U.S.C. § 1331 and § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), *S.C. Code Ann*. §15-7-30 (2012, as amended), as well as the wrongful conduct at issue occurred within this judicial district.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats the preceding facts and allegations of his Complaint as if fully set forth verbatim and incorporates the same by reference.

11. Plaintiff formerly was employed by Modern Exterminating from 2015 to 2019.

12. Plaintiff began his career at Modern as the Pest Control Technician. In that position, Plaintiff earned an hourly wage of $15.00 per hour. In addition to his hourly rate, Plaintiff received a 10-15% commission of the sale of any product or service.

13. In or around 2017, Plaintiff took over the Pest Control Management position at Modern. In this new position, Plaintiff earned an annual salary of $47,000.00 plus 10-15% commission.

3

14. In or around August 2019, Plaintiff was promoted to the Director of Technical Services. In that position, Plaintiff maintained his current salary of $47,000 plus 10-15% commission.

15. At all times, Plaintiff was told that he was performing his job well and that he would be getting a raise.

16. At Plaintiff's annual review, Owner and President Glenn Matthews (hereinafter "Matthews") promised Plaintiff that he would be promoted and would take care of him financially when the time came.

17. Plaintiff never was provided a job description or list of expectations and duties for the Director of Technical Services position.

18. In or around October 2019, Matthews told Plaintiff that he would be in charge of the ware house and take over all sales because other employees were having difficulty closing leads.

19. Subsequently, on or about November 11, 2019, Plaintiff met with Matthews and Modern Director of Business Development Jerry Henson and Human Resources Melanie Matthews. In the meeting, the group told Plaintiff that he was not living up to expectations.

20. Plaintiff questioned the two about specific actions that were not in line with their expectations, but he received no response. Matthews then told Plaintiff that he would lose his title and $11,000.00 in compensation beginning January 1, 2020.

21. Plaintiff told the group that the substantial pay decrease was unfair and again questioned the group's basis for their accusations. At this point, Matthews became irate and told

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

Plaintiff that, "[he] won't argue." Matthews immediately offered Plaintiff a new job with an annual salary of $36,000.00 in business development.

22. Matthews told Plaintiff to, "take it or leave it" and that he would perform the same job duties as he had been previously, as well as to having to service the jobs that I sold.

23. On or about November 12, 2019, Henson texted Plaintiff for an impromptu meeting at 8:30AM. Plaintiff informed Matthews and Henson that he did not agree to the new terms of the job. In response, Matthews told Plaintiff that he quit which Plaintiff adamantly stated that he did not.

24. Plaintiff requested Matthews provide him with a termination letter as he was not quitting his job.

25. Matthews remarked that the situation had become awkward and that Plaintiff can continue to sit and do nothing like he has been.

26. Around 9:54AM that same day, Matthews presented Plaintiff a different job description with an annual salary of $47,000 with no sales commission. Plaintiff remarked that he needed to think about the revised job offer.

27. Matthews became irate and told Plaintiff that he had enough. Matthews then balled up a fist while angrily advancing towards Plaintiff. In doing so, Matthews called Plaintiff, "a fucking bitch."

28. At that time, Plaintiff was dismissed for the day and told that if he did not sign the new job offer that he would be terminated.

**FOR A FIRST CAUSE OF ACTION**
**(Retaliation in Violation of FLSA § 15(a)(3)) as to Modern)**

29. Plaintiff repeats the preceding facts and allegations of his Complaint as if fully set forth verbatim and incorporates the same by reference.

5

30. Defendant has violated the FLSA by subjecting Plaintiff to unlawful retaliation for his protected complaints of and opposition to Defendant's above-outlined improper payroll and compensation practices, including the non-payment of earned wages to numerous employees.

31. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

32. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

33. Defendant's unlawful retaliatory conduct was intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the FLSA for which he is entitled to an award of punitive damages.

34. Defendant's unlawful retaliatory conduct was not in good faith and was undertaken without reasonable grounds for believing that such conduct was not in violation of the FLSA for which Plaintiff is entitled to an award of liquidated damages.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of FLSA, Unpaid Overtime Wages, as to Modern)**

35. Plaintiff repeats the preceding facts and allegations of his Complaint as if fully set forth verbatim and incorporates the same by reference.

36. Plaintiff is an "employee" of Defendant Modern as defined by the FLSA, 29 U.S.C. §

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

203(e)(1), and is not exempt from the FLSA's protections for any reason.

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

38. Defendant willfully engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiff for all time worked prior to his regularly scheduled shifts and for work performed during unpaid meal breaks, thereby failing and refusing to pay him the overtime wage compensation required by law and in accordance with Sections 206 and 207 of the FLSA.

39. Defendant required Plaintiff to perform several tasks off the clock, such as checking their work assignments, picking up pesticides from Defendant's office, filling their vehicles with gas, responding to office emails, making and taking phone calls, selling and addressing issues while on vacation, driving to their first work assignment of the day, and other work. Defendant failed to compensate Plaintiff for any time worked before and/or after their scheduled shift in violation of the FLSA, 29 U.S.C. § 211(c).

40. Defendant further required Plaintiff to attend mandatory meetings, yet did not compensate him for attendance at these mandatory meetings in violation of the FLSA, 29 U.S.C. § 211(c).

41. Defendant also engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiff for all time worked during unpaid meal breaks.

42. Defendant does not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiff was completely relieved from work related duties, such as taking calls on their cell phones from Defendant's office and completing service jobs, during his entire

7

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

unpaid meal break.

43. Defendant does not maintain any policy or procedure requiring Plaintiff to track or report their interrupted meal breaks or allowing him to request wages for an interrupted meal break.

44. Defendant did not pay Plaintiff overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours in any given workweek.

45. As a result of Defendant's violations of the FLSA, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

46. Defendant did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

47. As a result of Defendant's unlawful acts, it is liable to Plaintiff for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs, and expenses.

**FOR A THIRD CAUSE OF ACTION**
**(Unpaid Wages as to Modern)**

48. Plaintiff repeats the preceding facts and allegations of his Complaint as if fully set forth verbatim and incorporates the same by reference.

49. At the time of Plaintiff's termination, Defendant owed and continues to owe Plaintiff wages, including but not limited to sales commissions, PTO, bonuses and other compensation.

50. The owed compensation was earned and part of the ongoing employment relationship between the parties.

51. Defendant has knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of compensation he earned.

8

52. The actions complained of herein are subject to the South Carolina Wage Payment Act.

53. The failure to pay wages, including after notice, was a breach of contract and a violation of the South Carolina Wage Payment Act.

54. As a direct and proximate result of Defendant's failure to pay wages, including but not limited to bonuses, commissions, and accrued paid time off due him in return for services to Defendant, Plaintiff has been damaged in an amount to be determined by a jury.

### FOR A FOURTH CAUSE OF ACTION
**(Promissory Estoppel as to all Defendants)**

55. Plaintiff repeats the preceding facts and allegations of his Complaint as if fully set forth verbatim and incorporates the same by reference.

56. Defendant Modern, by and through Matthews, with apparent authority, made a clear, unambiguous promise to the Plaintiff of providing him a raise in compensation.

57. Plaintiff reasonably, and detrimentally, relied upon Matthews' promise made as an agent with apparent authority of all the corporate Defendant.

58. In reliance of the Defendants' promise, Plaintiff did the following:

    a. Continued his employment with Defendant Modern;

    b. Forgo other employment opportunities;

    c. Made expenditures he otherwise would not have made; and

    d. Other activities that shall be proven at trial.

59. Defendants knew or should have known that Plaintiff would rely on Defendants' promise of increased compensation.

60. When Plaintiff accepted a new position with increased job responsibilities, the Defendant reasonably could foresee that Plaintiff was relying on the promise.

9

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

61. When Defendant did not provide Plaintiff increased compensation, then decreased his compensation, and ultimately terminated Plaintiff's employment, Plaintiff was damaged because he did not have additional employment or opportunities, was unable to provide for his family, and no longer had the financial opportunity that was promised to him.

62. Plaintiff sustained injuries in reliance of the Defendant's promise. Plaintiff has lost monies, lost opportunities, costs and expenses; attorney's fees, and prejudgment interest.

63. As a direct result of the above, Plaintiff has suffered damages in the form of lost monies and lost opportunities, and has suffered anxiety, inconvenience, embarrassment, humiliation, loss of professional standing, character and prejudgment interest.

### FOR A FIFTH *AND ALTERNATIVE* CAUSE OF ACTION
### (Wrongful Termination, Violation of Public Policy, as to Defendant Modern)

64. Plaintiff repeats the preceding facts and allegations of his Complaint as if fully set forth verbatim and incorporates the same by reference.

65. As an employee of Defendant, Plaintiff should have been notified in writing the wages and hours he would be working for Modern. *See* S.C. Code § 41-10-30.

66. In addition, Defendant should have provided Plaintiff notice of any deduction to his pay in writing. *See* S.C. Code § 41-10-40.

67. Upon wrongfully terminating Plaintiff, Defendant should have paid Plaintiff any and all wages due within forty-eight hours of the separation. *See* S.C. Code § 41-10-50.

68. The actions by Defendant violated South Carolina public policy as set forth in statutory language, including but not limited to, the South Carolina Wage Payment Act.

69. Modern's wrongful termination of Plaintiff has directly and proximately caused him to suffer actual damages in the form of lost earnings, lost future earnings capacity, damage to professional reputation, lost job opportunities, job search expenses, and professional

10

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

stigma, lost employment benefits, and emotional distress. Accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant Modern sufficient to compensate him for his economic and non-economic damages caused by Modern's wrongful termination.

70. Upon further information and belief, Modern's wrongful termination of Plaintiff was intentional and in reckless disregard of his rights to be free from such termination.

71. Therefore, Plaintiff is entitled to recover punitive damages against Modern, in an amount to be determined by the jury, sufficient to deter Modern and others from engaging in such unlawful actions in the future.

**WHEREFORE,** Plaintiff seeks and prays for judgment against all Defendant for actual damages, compensatory damages, punitive damages, pre-judgment interest, attorney's fees and costs, other expenses of litigation incurred in pursuit of this action, and all other and further relief as is just and proper.

**(SIGNATURE BLOCK IS ON THE NEXT PAGE)**

11

ELECTRONICALLY FILED - 2020 Jul 07 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4003038

>Respectfully Submitted,
>
>**DICKEY LAW GROUP, LLC**
>
>By:  <u>Joseph D. Dickey, Jr.</u>
>Joseph D. Dickey, Jr.
>440 Center Street
>West Columbia, SC 29169
>803-380-5575 (telephone)
>803-380-5576 (facsimile)
>joseph@dickeylawsc.com

July 7, 2020
West Columbia, South Carolina

12